# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
*Richmond Division*

**BRUCE CECIL**                                                             Case No. 14-36548
                                                                                      Chapter 7

v.

**Sallie Mae**
**P.O. Box 3319**
**Wilmington, DE 19804,**

and

**ACS, Inc.**
**P.O Box 7051**
**Utica, NY 13504,**

and

**Navient Education Loan Corp.**
**c/o Corporate Service Company**
**Bank of America Center, 16th Floor**
**1111 East Main St.**
**Richmond, VA 23219.**

## COMPLAINT

COMES NOW, the debtor, Bruce Cecil, by counsel who asks this Court to grant him a discharge of the student loan debt property listed in his bankruptcy schedules. In support of this adversarial complaint, the debtor represents as follows:

1. On or about September 1, 1996, the debtor became indebted to the above creditor in an effort to provide an education for his only daughter.

2. At that time, the debtor was in good health and gainfully employed at Viasystems as an operating engineer.

3. The debtor dutifully paid on the student loans beginning on or about September 1, 1996 and lasting through July 1, 2013.

4. The debtor's health has since deteriorated. In fact, the debtor suffered a heart attack, the effects of which still plague his daily life.

5. On or about June 1, 2014, the debtor was forced to retire from his employer because of the heart attack.

6. Since his forced retirement, the debtor's only income is from two small pensions and social security benefits.

7. Because of this reduction in income the debtor cannot maintain a minimal standard of living if he is required to continue to repay the student loans.

8. Because of his ongoing poor health, and advanced age, the debtor's financial situation is extremely unlikely to change.

9. Any excess income shown in his bankruptcy schedules will immediately evaporate upon his wife's retirement.

WHEREFORE, because of the debtor's good faith efforts to pay the student loans, the debtor 's inability to maintain a minimal standard of living if he is required to repay his student loans, his ongoing poor health, his forced retirement, and reduction in income this is extremely unlikely to change. The debtor asks this Court to (1) order the debtor's student loan debt to be discharged under the bankruptcy code because of the debtor's exceptional circumstances, and (2) for such other and further relief as way be necessary in this case.

                            BRUCE CECIL

                            s/s Ross Charles Allen
                            By Counsel

Ross Charles Allen
Smith & Wells, PC
1330 Alverser Plaza
Midlothian, VA 23113
(804) 794-8070
(804) 794-8098 Fax

## Certificate of Mailing

      I certify that a true and accurate copy of the above was mailed to the following individuals or entities at the following addresses:

Sallie Mae
P.O. Box 3319
Wilmington, DE 19804

ACS, Inc.
P.O Box 7051
Utica, NY 13504

Harry Shaia Jr., Trustee
Spinella Owings & Shaia, P.C.
8550 Mayland Drive
Richmond, VA 23294

Navient Education Loan Corp.
c/o Corporate Service Company
Bank of America Center, 16th Floor
1111 East Main St.
Richmond, VA 23219

s/s Ross Charles Allen
Ross Charles Allen
Smith & Wells, PC
1330 Alverser Plaza
Midlothian, VA 23113
(804) 794-8070
(804) 794-8098 Fax